HONORABLE RICHARD A. JONES

1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

| | |
|---|---|
| JOHN DOE I and JOHN DOE II, | Case No.  2:25-cv-1267-RAJ |
| Plaintiffs, | ORDER |
| v. | |
| STATE OF NORTH DAKOTA, STATE OF INDIANA, BURLEIGH COUNTY NORTH DAKOTA, MORTON COUNTY NORTH DAKOTA, VANDERBURGH COUNTY INDIANA, BURLEIGH COUNTY SHERIFFS DEPARTMENT, MORTON COUNTY SHERIFFS DEPARTMENT, BISMARCK POLICE DEPARTMENT NORTH DAKOTA, MANDAN POLICE DEPARTMENT NORTH DAKOTA, VANDERBURGH COUNTY SHERIFFS DEPARTMENT, BUREAU OF ALCOHOL TOBACCO FIREARMS AND EXPLOSIVES, MICROSOFT CORPORATION, GOOGLE LLC, META PLATFORMS INC, FACEBOOK, TIKTOK, INSTAGRAM, AMAZON WEB SERVICES, T-MOBILE USA, VERIZON COMMUNICATIONS, | |

SPECTRUM
COMMUNICATIONS,
BANDWIDTH, ONVOY, LUKE
KAPPELLA, AMY WOODRUFF,
BRIDGETTE SANDAHL, JOSEPH
WALKER, CLARE
HOCHHALTER, RICK
HOCHHALTER, MIKE BRYANT,
NOAH ROBINSON, KURT
ALTHOFF, THOMAS ALTHOFF,
ROBERT ROTHSCHILD,
MYRRANDA VALASQUEZ,
STEVEN BALABAN, JUSTIN
KELLER, JOE DOE 1-20, and
JANE DOE 1-20,

                    Defendants.

## I.    INTRODUCTION

THIS MATTER comes before the Court on *sua sponte* review of Plaintiffs Ricky Raymond Schuh, Jr. and Christopher L. Lewis's Amended Complaint, Dkt. # 7, pursuant to 28 U.S.C. § 1915(e)(2)(B), as well as Plaintiffs' Motion to Seal Documents, Dkt. # 2, Motion for Temporary Restraining Order, Dkt. # 6, Motion to Proceed In Forma Pauperis, Dkt. # 8, Omnibus Motion, Dkt. # 9, Motion to Appoint Counsel, Dkt. # 10, Motion for Early Issuance of Subpoenas Duces Tecum and Expedited Discovery, Dkt. # 11, and Motion for Independent Forensic Examination of Physical Exhibits, Dkt. # 16. The Court has reviewed the Amended Complaint, the motions, and the balance of the record. For the reasons set forth below, the Court **GRANTS** Plaintiffs' Motion to Proceed In Forma Pauperis, **DISMISSES** the Amendment Complaint without prejudice and with leave to amend, and **DENIES** the remaining motions.

## II.    BACKGROUND

Plaintiffs, proceeding *pro se*, filed this suit under seal and are proceeding under the pseudonyms "John Doe I" and "John Doe II." Although Plaintiffs' Amended

Complaint[1] is wide ranging and alleges a multitude of wrongs against numerous defendants, the allegations can generally be sorted into two categories.

First, Plaintiffs allege the "Petitioner" (it is unclear which Plaintiff this is intended to reference) was subjected to various misconduct while incarcerated at the North Dakota State Penitentiary.  Dkt. # 7 at 4–9.  Plaintiffs allege multiple prison officials retaliated against the Petitioner for attempting to access the court system.  *Id.* at 4.  In addition, Plaintiffs allege the prison failed to engage in proper covid-19 protocol and subjected the Petitioner to dangerous conditions.  *Id.* at 5–6.  Next, Plaintiffs allege general misconduct and corruption within the prison system.  Finally, Plaintiffs allege that after the Petitioner was released from prison, he was subject to further retaliation during his halfway house placement.  *Id.* at 8–9.

Second, Plaintiffs allege a vast conspiracy by "a multistate and federal network of individuals and private entities acting under color of law and with private cooperations to surveil, harass, and intimidate plaintiffs."  *Id.* at 2.  Allegations in this category include that the Petitioner's former coworker "launched a personal campaign of harassment and retaliation" against him, an ATF agent "engaged in digital and financial sabotage,"  a magistrate judge signed a warrant in violation of judicial ethics, police officers arrested the Petitioner based on fabricated evidence, and various individuals are hacking and surveilling the Petitioner or Plaintiffs' devices.  *Id.* at 9–25.  Plaintiffs allege that due to this harassment, the Petitioner and his fiancé were forced to leave North Dakota, and that the harassment continued as the Petitioner and his fiancé traveled through Iowa, Illinois, and Indiana.  *Id.* at 13, 15.

---

[1] Plaintiffs filed a 3-page Amended Complaint and a much longer attachment containing additional detailed allegations.  The Court construes the attachment as part of the Amended Complaint.

In addition to the Amended Complaint, Plaintiffs filed the following motions: Motion to Seal Documents, Dkt. # 2, Motion for Temporary Restraining Order, Dkt. # 6, Motion to Proceed In Forma Pauperis, Dkt. # 8, Omnibus Motion, Dkt. # 9, Motion to Appoint Counsel, Dkt. # 10, Motion for Early Issuance of Subpoenas Duces Tecum and Expedited Discovery, Dkt. # 11, and Motion for Independent Forensic Examination of Physical Exhibits, Dkt. # 16.

## III.    DISCUSSION

### A.    Sealing and Use of Pseudonyms

As a preliminary matter, the Court addresses the sealing of this case and the Plaintiffs' use of "John Doe" pseudonyms.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "'a strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). The party seeking to seal a judicial record must show that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178–79.

Additionally, in this district, parties moving to seal documents must comply with the procedures established by Civil Local Rule 5(g). Under that rule, the party seeking to seal documents must file a motion to seal with a "specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant the relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) why a less

ORDER - 4

restrictive alternative to the relief sought is not sufficient." LCR 5(g)(3)(B). Further, under LCR 5.2(a), parties "shall refrain from including, or shall partially redact where inclusion is necessary, the following personal identifiers": (1) dates of birth; (2) names of minor children; (3) social security numbers and taxpayer-identification numbers; (4) financial accounting information; and (5) passport numbers and driver license number.

The Court has reviewed the documents filed in this case and finds there is no compelling reason to seal this case in its entirety. Plaintiffs' allegations regarding the various misconduct described above are not of such a sensitive nature that they overcome the presumption in favor of public access to court records. Moreover, Plaintiffs have not satisfied the requirements of LCR 5(g) in support of sealing. The Court notes, however, that a few documents filed in this case contain account numbers, birth dates, and social security numbers, which should be redacted to protect the parties' and non-parties' privacy and to comply with LCR 5.2(a). For these documents, the Court will supply the court clerk with versions for public filing with the personal identifiers redacted. Going forward, Plaintiffs are directed to comply with the requirements of LCR 5.2(a) regarding redaction of filings, and to refrain from filing documents (and particularly voluminous exhibits) containing sensitive personal information unless absolutely necessary to support their case.[2]

Next, the use of "fictitious names runs afoul of the public's common law right of access to judicial proceedings" and "Rule 10(a)'s command that the title of every complaint 'includes the names of all the parties.'" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (quoting Fed. R. Civ. P. 10(a)). However, "a

---

[2] In addition to filing the entire case under seal, Plaintiffs filed a motion to seal an "Amended & Expanded FOIA Request." Dkt. # 2. For the same reasons discussed above, the Court denies the motion to seal but will provide a redacted version of the document for public filing.

party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068. In cases where a plaintiff seeks to proceed under a pseudonym to prevent potential retaliation, courts consider the following factors: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; (3) the anonymous party's vulnerability to such retaliation; and (4) whether the public's interest in the case would be best served by requiring that the litigants reveal their identities. *Id.* The decision to permit use of pseudonyms is a matter of discretion. *Id.* at 1069.

The Court does not find that use of pseudonyms is appropriate in this case. In reviewing the allegations in the Amended Complaint, the Court finds Plaintiffs' fear of potential retaliation is not reasonable, and that the public interest in access to judicial proceedings will be best served by requiring Plaintiffs to reveal their identities.

### B.    Motion to Proceed In Forma Pauperis

The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. 28 U.S.C. § 1915(a). Plaintiffs represent that they are currently unemployed and unable to pay the filing fee. Dkt. # 8, 21.[3] Based on this representation, the Court grants Plaintiffs' motion to proceed *in forma pauperis*.

### C.    Motion to Appoint Counsel

The decision to appoint counsel is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th

---

[3] Plaintiffs filed a motion to proceed in forma pauperis at Dkt. # 8 and a Declaration and Application to Proceed In Forma Pauperis at Dkt. # 21. The Court construes Dkt. # 21 as a supplement to the original motion.

Cir. 1984)). A finding of exceptional circumstances "requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). The Court finds that there are no exceptional circumstances supporting appointment of counsel. It does not appear Plaintiffs are likely to succeed on the merits of their claims, including for the reasons discussed below. This factor weighs heavily against using limited resources to appoint counsel to Plaintiffs.

### D.    Review of Amended Complaint under 28 U.S.C. § 1915(e)(2)(B)

In cases where the plaintiff is proceeding *in forma pauperis*, the court may screen the complaint and dismiss it if the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Courts hold *pro se* plaintiffs to less stringent pleading standards and liberally construe a *pro se* complaint in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When dismissing a complaint under § 1915(e), courts give *pro se* plaintiffs leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Because much of the Amended Complaint involve events that occurred out of state, the Court begins its analysis by assessing personal jurisdiction and venue. "A federal court must satisfy itself that it has authority to exercise personal jurisdiction over the defendant." *Jones v. Riker's Island Dep't of Corr., N.Y.*, No. 25-cv-261, 2025 WL 2412091, at *1 (D. Idaho Aug. 20, 2025). "Where an 'in forma pauperis Complaint lacks an arguable basis in either law or fact pertaining to personal jurisdiction, it must be

1    dismissed sua sponte as frivolous." *Id.* (quoting *Brimm v. Genao-Gomez*, No. 14-cv-197,

2    2014 WL 5471969, at *4 (D. Mont. Oct. 28, 2014)).

3        Where "there is no applicable federal statute governing personal jurisdiction, the

4    district court applies the law of the state in which the district court sits." *Schwarzenegger*

5    *v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Washington's long-arm

6    statute is coextensive with federal due process requirements. *Shute v. Carnival Cruise*

7    *Line*, 783 P.2d 78, 82 (Wash. 1989). Thus, "the jurisdictional analyses under state law

8    and federal due process are the same." *Schwarzenegger*, 374 F.3d at 800–01.

9        "There are two forms of personal jurisdiction: general and specific." *Harrington*

10    *v. Cracker Barrel Old Country Store, Inc.*, 142 F.4th 678, 685 (9th Cir. 2025). General

11    jurisdiction is available when the defendant is "fairly regarded as at home" in the forum

12    state." *Id.* (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)). For a corporate

13    defendant, this is typically "the state in which the defendant is incorporated or has its

14    principal place of business." *Id.* For an individual defendant, this is typically "the

15    individual's domicile." *Daimler*, 571 U.S. at 137.

16        Specific jurisdiction, on the other hand, focuses on "whether the suit 'arises out of

17    or relates to the defendant's contacts with the forum.'" *Harrington*, 142 F.4th at 685

18    (quoting *Daimler*, 571 U.S. at 127). The Ninth Circuit uses the following three-prong

19    test to analyze specific jurisdiction:

20        (1) The nonresident defendant must purposefully direct his activities or
21        consummate some transaction with the forum or resident thereof; or
            perform some act by which he purposefully avails himself of the privilege
22        of conducting activities in the forum, thereby invoking the benefits and
            protections of its laws;
23
24        (2) the claim must be one which arises out of or relates to the defendant's
            forum-related activities; and
25

26

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802.

In addition, venue in the district court must also be proper.  Legal actions may be brought only in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

The Amended Complaint contains no facts suggesting the Court has personal jurisdiction over any defendant or that venue is proper in this district.  The Amended Complaint does not allege that any defendant is a Washington resident subject to general personal jurisdiction.  Indeed, defendants such as the State of North Dakota are plainly not Washington residents, and officials of the North Dakota State Penitentiary are likely not Washington residents.  Moreover, the vast  majority of the alleged misconduct took place outside of Washington.  Plaintiffs allege that various defendants engaged in misconduct at the North Dakota State Penitentiary and took part in a "surveillance and harassment campaign" that followed one of the Plaintiffs from North Dakota to Iowa, Illinois, and Indiana.  These allegations cannot satisfy the "arising out of" prong to establish specific personal jurisdiction in Washington.  Similarly, under the venue statute, the allegations cannot establish all defendants are residents of Washington under § 1391(b)(1), that a substantial part of events giving rise to the claims took place in this

ORDER - 9

1    district under § 1391(b)(2), or that any defendant is subject to the Court's personal

2    jurisdiction under § 1391(b)(3). The Amended Complaint is therefore dismissed for lack

3    of personal jurisdiction and improper venue.

4        In light of the policy in favor of leave to amend for *pro se* litigants, Plaintiffs may

5    amend their complaint to attempt to cure these deficiencies. If Plaintiffs choose to do so,

6    they should limit their amended complaint to include only defendants subject to personal

7    jurisdiction in Washington and claims for which this district is an appropriate venue. To

8    avoid dismissal of this case, the amended complaint must include specific factual details

9    supporting personal jurisdiction, venue, and the elements of each claim.

10       **E.    Remaining Motions**

11       Plaintiffs also filed various motions seeking a temporary restraining order,

12   expedited discovery, appointment of an independent forensic examiner, among other

13   relief. Because Plaintiffs fail to make a *prima facie* showing of personal jurisdiction over

14   the defendants, the Court lacks jurisdiction to grant relief against them as requested in

15   Plaintiffs' remaining motions. Moreover, many of the motions seek discovery-related

16   rulings that are premature at this early stage in the case. Accordingly, the remaining

17   motions are denied.

18   //

19   //

20   //

21   //

22   //

23   //

24   //

25   //

26

ORDER - 10

1

## IV.   CONCLUSION

2     For the foregoing reasons, the Court**:**

3     (1)     **GRANTS** Plaintiffs' Motion to Proceed In Forma Pauperis;

4     (2)     **DISMISSES** the Amended Complaint without prejudice and with leave to

5 amend within 21 days of this Order; and

6     (3)     **DENIES** Plaintiffs' Motion to Seal Documents, Dkt. # 2, Motion for

7 Temporary Restraining Order, Dkt. # 6, Omnibus Motion, Dkt. # 9, Motion to Appoint

8 Counsel, Dkt. # 10, Motion for Early Issuance of Subpoenas Duces Tecum and Expedited

9 Discovery, Dkt. # 11, and Motion for Independent Forensic Examination of Physical

10 Exhibits, Dkt. # 16.

11     In addition, the Court **DIRECTS THE COURT CLERK** to:

12     (1)     Unseal this case, except as provided below;

13     (2)     Update the case caption to reflect Plaintiffs' names; and

14     (3)     Maintain Dkts. # 2, 6, and 7 under seal.  The Court will provide redacted

15 versions of these documents for public filing.

16

17     Dated this 23rd day of October, 2025.

18

19

20     _____

21     The Honorable Richard A. Jones
      United States District Judge

22

23

24

25

26