HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICKY SCHUH and
CHRISTOPHER LEWIS,

            Plaintiffs,

    v.

BURLEIGH COUNTY NORTH
DAKOTA, et al.,

            Defendants.

Case No.  2:25-cv-1267-RAJ

ORDER TO SHOW CAUSE

THIS MATTER comes before the Court *sua sponte*.

The Court begins with a clarification of its prior October 23, 2025 order, which dismissed Plaintiffs' Amended Complaint for lack of personal jurisdiction and venue pursuant to 28 U.S.C. § 1915(e)(2)(B), with leave to amend.  Dkt. # 22.  Near the beginning of this case, Plaintiffs filed a motion titled "Motion to Proceed in Forma Pauperis and for U.S. Marshal Service of Process."  Dkt. # 8.  In it, Plaintiffs asked the Court "for an order granting leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 . . . ."  *Id.* at 1.  In its October 23, 2025 order, the Court granted Plaintiffs' request. Dkt. # 22.  It then proceeded to review and dismiss Plaintiffs' Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), a statute that allows district courts to screen complaints in *in forma pauperis* cases.

ORDER - 1

It has since come to the Court's attention that Plaintiffs did in fact pay the filing fee at the initiation of this case.  Thus, despite Plaintiffs' prior motion and the Court's order, Plaintiffs are *not* proceeding *in forma pauperis*.  Accordingly, 28 U.S.C. § 1915(e)(2)(B) was not an appropriate basis for dismissal of the Amended Complaint.

Nevertheless, the result of the Court's October 23, 2025 order remains the same.  Although district courts generally do not raise issues of personal jurisdiction and venue *sua sponte*, such analysis may be appropriate on rare occasions even outside the § 1915 context.  *See Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1518, 1522 (9th Cir. 1983) (affirming district court's *sua sponte* dismissal of defendants for lack of personal jurisdiction); *Shoaga v. Blosada*, No. 05-cv-2213, 2006 WL 6929450, at *8 (N.D. Cal. Jan. 24, 2006) (finding that raising question of personal jurisdiction "*sua sponte* is necessary and appropriate when the allegations in a complaint do not establish a basis for the court's exercise of personal jurisdiction"); *Zhu v. Whinery*, 109 Fed. App'x 137, 138 (9th Cir. 2004) ("We have held that a district court may dismiss a complaint sua sponte for improper venue.").  Here, the Amended Complaint presented the rare case where *sua sponte* dismissal for lack of personal jurisdiction and venue was warranted because, for the reasons explained in the Court's prior order, those defects were so plainly present from the face of the Amended Complaint.

On November 12, 2025, Plaintiffs filed their Second Amended Complaint.  Dkt. # 28.  The allegations in the Second Amended Complaint can be sorted into two categories.  First, Plaintiffs allege they were the victims of a vast conspiracy and surveillance campaign, including "warrantless tracking, cell-site-simulator surveillance, Pegasus-type spyware, and API-based intrusions into email and cloud accounts." *Id.* at 9.  Second, Plaintiffs allege officers of the Vanderburgh County Sheriff's Department, located in Indiana, unlawfully arrested one of the Plaintiffs and used excessive force

ORDER - 2

during the arrest. *Id.* at 11–12.  Based on the Court's review, it appears the first category of allegations fail to state a plausible claim for relief, and the second category of allegations suffer from the same defects of lack of personal jurisdiction and improper venue.

Accordingly, the Court orders Plaintiffs to show cause why this case should not be dismissed for those reasons.  Plaintiffs shall file a written response, not to exceed five (5) pages, on or before **February 10, 2026**.  Failure to file a response by that date will result in dismissal of this action.

Dated this 30th day of January, 2026.

The Honorable Richard A. Jones
United States District Judge

ORDER - 3